Filed 5/1/13  In re Paul R. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re PAUL R., a Person Coming Under the Juvenile Court Law. | |
| | D062846 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J231-421) |
| v. | |
| PAUL R., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Carolyn M. Caietti and Browder Willis, Judges.  Affirmed.

Following a contested adjudication hearing, the juvenile court found true an allegation that Paul R. (the Minor) committed vandalism by defacing property with graffiti causing damage of less than $400, a misdemeanor violation of Penal Code section 594, subdivisions (a) and (b)(2)(A).

The Minor was declared a ward of the court and granted probation, subject to certain conditions. The Minor was placed with his parents.

Counsel for the Minor has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v California* (1967) 386 U.S. 738 (*Anders)* raising possible, but not arguable issues. We offered the Minor the opportunity to file his own brief on appeal, but he has not responded.

STATEMENT OF FACTS

On the afternoon of December 27, 2011, a maintenance worker at an apartment complex observed the Minor "doing" graffiti on the sidewalk. The worker testified the Minor was alone, wearing a sweatshirt, a cap and a backpack. The Minor was bent over with a can in his right hand.

The worker confronted the Minor, who then ran away into the back of the complex. The worker approached the sidewalk where the Minor had been located and observed fresh graffiti. He then reported the incident to the property manager.

About five minutes later a black Ford Ranger truck pulled up to the property. The Minor emerged from the property, got into the truck and it drove away. The manager called police.

Police located the truck and then brought the worker to the location where the truck was stopped. The worker viewed the driver and the passenger from the truck and identified the Minor as the person who "did" the graffiti.

The defense presented two witnesses who testified they were with the Minor that day at the complex. They said they were there to meet some girls and that the Minor was

2

always in their presence. The Minor also testified and denied placing the graffiti on the sidewalk.

## DISCUSSION

As we have previously noted, appellate counsel has filed a brief indicating he is unable to identify any argument for reversal and asks this court to review the record for error as mandated by *Wende, supra*, 25 Cal.3d 436. Pursuant to *Anders, supra,* 386 U.S. 738, the brief identifies possible, but not arguable issues:

1. Whether the juvenile court erred in admitting evidence of the Minor's prior act of putting up graffiti in the bedroom of his residence;

2. Whether Minor's counsel was ineffective for (a) failing to seek to suppress the eyewitness identification as unduly suggestive; (b) failing to object to the eyewitness identification as the product of an unlawful seizure; (c) failure to object to the eyewitness identification as the product of an unlawful arrest; and (d) failing to move for dismissal of the case following the completion of the prosecution's case-in-chief (Welf. & Inst. Code, § 701.1).

We have reviewed the entire record in accordance with *Wende, supra*, 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738, and have not found any reasonably arguable appellate issues. Competent counsel has represented the Minor on this appeal.

DISPOSITION

The judgment is affirmed.

                                              HUFFMAN, Acting P. J.

WE CONCUR:


AARON, J.


IRION, J.